J-S45030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS CHEMIL HARRIS | : | |
| | : | |
| Appellant | : | No. 1174 MDA 2017 |

Appeal from the Judgment of Sentence June 27, 2017
in the Court of Common Pleas of York County
Criminal Division at Nos.:  CP-67-CR-0002994-2016
CP-67-CR-0006791-2015

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

DISSENTING MEMORANDUM BY PLATT, J.:        **FILED OCTOBER 01, 2018**

I respectfully dissent.  I would affirm on the basis of the trial court opinion.  (**See** Trial Court Opinion, 1/12/18, at 14-23).[1]  Supplying numerous specific examples, the trial court reasoned that Appellant forfeited his right to counsel by his misconduct and obstructive behavior.  "Pa.R.Crim.P. 121 and its colloquy requirements do not apply to situations where forfeiture is found."

***Commonwealth v. Lucarelli***, 971 A.2d 1173, 1179 (Pa. 2009).  Forfeiture

_____

[1] I note for the sake of completeness, that this Court previously affirmed the judgment of sentence for Appellant's coconspirator, Stanley Riddic, who raised different claims on appeal, but engaged in similar dilatory conduct.  **See** ***Commonwealth v. Riddic***, No. 1214 MDA 2017 (Pa. Super. 2018) (unpublished memorandum).

_____

*   Retired Senior Judge assigned to the Superior Court.

may result from the defendant's "extremely serious misconduct" or "extremely dilatory conduct." *Id.*

> To hold otherwise would permit a recalcitrant defendant to engage in the sort of obstructive behavior that mandates the adoption of the distinction between forfeiture and waiver in the first instance. Should an unrepresented defendant choose not to engage in the colloquy process with the trial court, were there no provision for forfeiture of counsel, that defendant could impermissibly clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice. Such a result would be untenable.

*Id.*

Here, I conclude that the trial court amply established forfeiture, eliminating any requirement for the waiver colloquy.

Accordingly, I respectfully dissent.